CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. Patrick James Murray        DKT. NO. 1:12CR00134-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Tina N. Parde, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Patrick James Murray, who was placed on supervision by the Honorable Wiley Y. Daniel, sitting in the United States District Court in Denver, Colorado, on July 7, 2015. The defendant was sentenced to 40 months imprisonment and 3 years of supervised release for an offense of Threats Against the President of the United States, in violation of 18 U.S.C. § 871(a). Supervision commenced on July 24, 2018, and is set to expire on July 23, 2021. As noted in the judgment [Document 106], the Court ordered mandatory, standard, and special conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)**

On or about August 30, 2018, the defendant failed to reside in and/or comply with the rules of Independence House South Federal, the residential reentry center (RRC) in Denver, which constitutes a Grade C violation of supervised release.

On August 30, 2018, at approximately 6:15 p.m., Supervising U.S. Probation Officer (SUSPO) Kyla Hamilton, received a telephone call from a staff member at the RRC advising the defendant failed to return to the RRC after a pass in the community. After approximately two hours of waiting for the defendant to return, the RRC staff member contacted the defendant via telephone, and the defendant advised he did not intend to return to the RRC. At approximately 6:30 p.m., SUSPO Hamilton attempted to contact the defendant via telephone twice, but he did not answer his phone. The whereabouts of the defendant are unknown.

2. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE AND/OR MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep his counseling appointment at Independence House South, the treatment program in which the probation officer directed him to participate, on August 12, 2018. This constitutes a Grade C violation of supervised release.

On July 31, and August 10, 2018, SUSPO Hamilton directed the defendant to attend a substance abuse and mental health (dual diagnosis) evaluation at Independence House South, on August 12, 2018. However, on August 12, 2018, the defendant failed to attend said evaluation. When contacted by SUSPO Hamilton via telephone on August 13, 2018, the defendant stated he did not attend the appointment due to poor planning in relation to public transportation.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about August 7, 2018, the defendant used or administered a controlled substance, Benzodiazepine and Buprenorphine (Suboxone), which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On August 22, 2018, RRC staff members conducted a search of the defendant's room at the RRC and discovered 10 Suboxone strips tucked in with the defendant's paperwork or belongings in his room. Neither the RRC staff or the defendant's probation officer had been notified that the defendant had any prescription for Suboxone. Residents at the RRC are not permitted to be in possession of narcotics or prescription medications, and any prescribed medications are to be checked into the front office of the RRC. A drug test was collected from the defendant on the same date, which was positive for Buprenorphine (Suboxone).

On August 27, 2018, I met with the defendant at the probation office, and he admitted he had illegally used Suboxone throughout his incarceration in the Bureau of Prisons (BOP). The defendant disclosed that, on August 7, 2018, he went to Magnolia Medical Group, to obtain a prescription for Suboxone. He was prescribed the drug, and began obtaining a weekly prescription. This prescription was provided on August 7, August 14, and August 21, 2018. During my meeting with the defendant, he admitted he was abusing the drug.

On August 30, 2018, I received medical records from Magnolia Medical Group. The records reveal the defendant appeared for an initial appointment to obtain a prescription for Suboxone on August 7, 2018. At the initial medical appointment, the defendant submitted to drug testing, and the result was positive for Benzodiazepines and Buprenorphine (Suboxone). On August 7, 2018, the defendant had not yet been prescribed Suboxone, and did not have a prescription for a benzodiazepine.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. Further, the defendant has absconded from supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

The defendant was convicted of Threats to the President of the United States, and the Presentence Report reflects that part of his conduct included threatening Chief Judge Krieger, for the U.S. District Court for the District of Colorado. The defendant has a significant criminal record and a significant history of substance abuse. His prior convictions include Aggravated Assault, Cocaine Possession, Resisting an Officer, Failure to Appear, Fraudulent Use/Representation Credit Card, Escape, Fraudulent Use of a Credit Card, Second Degree Burglary of a Dwelling, Marijuana Cultivation, Possession of a Weapon by a Previous Offender, Vehicular Eluding, and Possession of a Controlled Substance. Based on the defendant's history and characteristics, he represents a significant risk of danger to the community.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Tina N. Parde*
Tina N. Parde
United States Probation Officer
Place:   Denver
Date:    August 31, 2018

*s/Kyla Hamilton*
Kyla Hamilton
Supervisory United States Probation Officer
Place:   Denver
Date:    August 31, 2018

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class D felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 8 to 14 months.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community. The defendant is presently convicted of Threats Against the President

of the United States, and part of his offense conduct including making threats to Chief Judge Krieger, for the U.S. District Court for the District of Colorado. The defendant has a significant criminal history which includes violent conduct, and he has a significant history of abusing controlled substances. In addition, he presents a risk of non-appearance based upon his willful choice to abscond from supervision. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.